IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MABLE C. SEBER and MARTY J. SEBER,<br><br>Plaintiffs,<br>v.<br><br>BANK OF AMERICA, N.A., f/k/a COUNTRYWIDE HOME LOANS, INC., *et al*.,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS CASE**<br><br>Case No. 1:16-cv-111-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

*Pro Se* Plaintiffs Mable C. Seber and Marty J. Seber ("**Plaintiffs**" or "**Sebers**") filed the Complaint in this case on August 10, 2016, against Bank of America, N.A., as successor by merger to BAC Home Loans, L.P. f/k/a Countrywide Home Loans, LP; Countrywide Home Loans, Inc.; Bank of New York Mellon f/k/a The Bank of New York as successor trustee to JPMorgan Chase Bank, N.A. as trustee for the Certified Holders of CWABS Master Trust, Revolving Home Equity Loan Asset Backed Notes, Series 2004-J; and Skyline Holdings Group, LLC (collectively "**Defendants**").[1]  District Judge Robert Shelby referred this case to Magistrate Judge Brooke Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[2]

Before the Court are the following motions: Defendant Skyline Holdings Group LLC's ("**Defendant Skyline**" or "**Skyline**") Motion to Dismiss;[3] Plaintiffs' Motion for Leave to File

---

[1] Docket no. 1 (Complaint) and Docket no. 2 (Amended Complaint).

[2] Docket no. 14.

[3] Docket no. 5 and Docket no. 6.

Second Amended Complaint;[4] Defendants Bank of America, N.A., as successor by merger to BAC Home Loans, L.P. f/k/a Countrywide Home Loans, LP, Countrywide Home Loans, Inc., Bank of New York Mellon f/k/a The Bank of New York as successor trustee to JPMorgan Chase Bank, N.A. as trustee for the Certified Holders of CWABS Master Trust, Revolving Home Equity Loan Asset Backed Notes, Series 2004-J's (collectively "**BOA Defendants**") Motion to Dismiss and Supporting Memorandum;[5] BOA Defendants' Motion to Strike Plaintiffs' Second Amended Complaint;[6] Plaintiffs' Notice of Withdrawal of 2nd Amended Complaint and Response to Defendants Motion to Strike;[7] and Plaintiffs' Motion for Leave of Court to File 2nd Amended Complaint to Add Defendants.[8] The time for briefing has expired with respect to these pending motions. Accordingly, this Report and Recommendation will resolve all pending motions before this Court.[9]

## BACKGROUND[10]

Since June 2009, Plaintiffs have been involved in no less than seven lawsuits related to the property located at 214 North Dam Road, Mantua, Utah (the "**Property**"), five of these lawsuits were initiated by Plaintiffs. Four of the lawsuits have taken place in state court,[11] and

---

[4] Docket no. 18.

[5] Docket no. 19.

[6] Docket no. 37.

[7] Docket no. 38.

[8] Docket no. 39.

[9] The parties have recently filed motions related to discovery and those motions will be addressed later in this Order.

[10] The facts included in this section were taken from the briefs and exhibits filed in conjunction with the pending motions. The Court also takes judicial notice of other court decisions.

[11] Utah State Court, Brigham City District, case nos. 130100026, 130100127, 130100128, and 150100044.

three (including this present case) have been filed in federal court.[12]  All of the litigation stems from a loan Plaintiffs obtained in June 2004 (which they later defaulted on) and their interest in quieting title to the Property.

In June 2004, Ms. Seber obtained a home equity line of credit from Countrywide Home Loans, Inc. ("**Countrywide**") under which she borrowed $717,400.00 ("**Loan**").  To secure her payments on the Loan, Ms. Seber also executed a Deed of Trust on the Property.  The Deed of Trust named Chicago Title Insurance Company, as trustee, and Mortgage Electronic Registration Systems, Inc. ("**MERS**"), as beneficiary and as the nominee for Countrywide and its successors and assigns.  After missing a series of monthly payments on the Loan, in 2007, Ms. Seber executed a loan modification adding unpaid interest on the original loan to the principal balance of the loan.

In 2009, Plaintiffs had defaulted on the Loan, including the 2007 modification, and Countrywide began foreclosure proceedings pursuant to the terms of the Trust Deed.  In an effort to halt Countrywide's foreclosure efforts, Ms. Seber filed a *pro se* complaint[13] alleging various forms of fraud[14] and seeking relief based on claims for quiet title, recession based on fraud, unfair debt collection practices (including claims arising under the Federal Real Estate Settlement Practices Act "RESPA" and Truth In Lending Act "TILA"), unfair business practices,

---

[12] U.S. District Court, District of Utah, Northern Division, case nos. 1:09cv140-BSJ, 1:14cv140-CW, and 1:16cv111-RJS.

[13] The named defendants in the First Action are: Countrywide Home Loans, Inc., Recontrust Company, N.A. successor in interest by merger to Recontrust Company, a Nevada corporation, Mortgage Electronic Registration Systems, Inc. (MERS), Jim Houghtalen, Marcee Conwell, and Carol Yamamoto.

[14] Ms. Seber's fraud claims included a claim that the Loan documents were forged.  Ms. Seber later stipulated that she executed all the Loan documents and the forgery claims were dismissed with prejudice.

breach of fiduciary duty, and declaratory judgment and injunctive relief (the "**First Action**").[15] This action was initially brought in state court, but was later removed to federal court.  On August 24, 2010, District Judge Bruce Jenkins granted summary judgment against Ms. Seber finding that her claims for rescission based on fraud, unfair debt collection practices, RESPA, and TILA were all time barred by the statute of limitations, her quiet title action which was based on the rescission claim was also time barred, and the claims for unfair business practices and breach of fiduciary duty failed to state claims for which relief could be granted.  Accordingly, all of Ms. Sebers claims were dismissed with prejudice.

On February 24, 2012, a notice of default and election to sell were recorded against the Property.  On April 3, 2012, MERS assigned all beneficial interest in the Trust Deed to Bank of New York Mellon ("**BNYM**").  On December 20, 2012, a trustee's sale was conducted and BNYM was the prevailing bidder.  On December 27, 2012, the BNYM Trust Deed was recorded.

Shortly after the foreclosure sale, in February 2013, Ms. Seber filed another action in state court against the same defendants from the First Action, plus the Heritage West Title Agency (the "**Second Action**").[16]  Again, Ms. Seber alleged various claims based on fraud, misrepresentation, deceptive trade practices, and quiet title.  The court found that the claims were based on the same facts and issues that had been litigated in federal court in the First Action, and therefore, dismissed the Second Action based on issue preclusion grounds.

Next, in October 2013, BNYM as the current owner of the Property via the foreclosure sale, brought an action in state court against Plaintiffs for unlawful detainer, as Plaintiff refused

---

[15] U.S. District Court, District of Utah ("USDC Utah") case no. 1:09cv140-BSJ.

[16] Utah State Court case no. 130100026.

to vacate the property after being served with a Notice to Vacate ("**Unlawful Detainer Action**").[17]  The court granted BNYM's order of restitution, which the Sebers sought to vacate. The court denied the Sebers' motion to vacate based on the fact that their arguments were based on the claims that had been litigated in the First and Second Actions.

In response to the Unlawful Detainer Action, the Sebers filed another action in state court against BNYM for quiet title of the Property ("**Third Action**").[18]  BNYM moved to dismiss based on claim preclusion grounds.  The court granted BNYM's motion finding that the BNYM, as a successive owner of the property, had legal privity with the defendants named in the First and Second Actions, the action stemmed from the same loan transaction that was the subject of the prior actions, that the same legal arguments have been brought or could have been brought in prior actions, and the prior actions had been adjudicated to conclusion on the merits.

Rather than appealing the decision in the Third Action, Plaintiffs filed a civil rights complaint in federal court (the "**Fourth Action**").[19]  The action consisted of a 42 U.S.C. § 1983 action, a 42 U.S.C. § 1985 action, and common law fraud and conspiracy claims.  Magistrate Judge Furse issued a report and recommendation determining that the court lacked jurisdiction under the *Rooker-Feldman* doctrine, and in the alternative, that Plaintiffs failed to state a claim for which relief could be granted under §§ 1983 and 1985, and the court declined to exercise supplemental jurisdiction over the state law fraud and conspiracy claims.  District Judge Waddoups adopted the report and recommendation in full.

---

[17] Utah State Court case no. 130100127.

[18] Utah State Court case no. 130100128.

[19] USDC Utah case no. 1:14cv140-CW-EJF.

In the meantime, in March 2014, BNYM had sold the Property to Defendant Skyline. Disregarding all that had occurred in the prior lawsuits, the Sebers began harassing the new owners of the Property who were trying to sell the Property, posting signs on the property, threatening real estate agents with litigation, and filing frivolous documents with the recorder's office.[20]  Seeking a restraining order against the Sebers, in April 2015, Skyline filed an action in state court.[21]  In granting Skyline's motion for summary judgment and permanent injunction against the Sebers, the court found that Skyline was the lawful owner of the Property, that the Sebers would continue to interfere with Skyline's ownership of the Property, and that such interference would cause Skyline to suffer irreparable harm.

Now, for the fifth time since 2009, the Sebers have filed a complaint before this Court with causes of action for breach of contract (based on their prior fraud claims), violations of TILA, wrongful foreclosure, quiet title and declaratory relief.  The named defendants in this action—the BOA Defendants (successors of Countrywide and BNYM) and Skyline—have all been involved at some point in time in the previous actions.  Plaintiffs also seek to amend their complaint to add subsequent purchasers of the Property—Jose Juan Gonzalez and Joshua E. Carr.

---

[20] Plaintiff has filed at least one if not more lis pendens against the Property.  Those lis pendens were removed during the course of the prior actions that have been discussed herein.

[21] Utah State Court case no. 150100044.

## ANALYSIS

### a. Motions to Dismiss

Both Skyline and BOA Defendants have filed motions to dismiss this action.[22] Both parties ask the Court to dismiss Plaintiffs claims based on *res judicata* grounds, and BOA Defendants further submit that even if the claims are not barred by *res judicata*, the claims fail on the merits and should be dismissed.

"Claim preclusion is usually, raised as an affirmative defense in the answer to complaint, or on motion for summary judgment."[23]  "However, 'where the substantive rights of parties are not endangered, a district court may in its discretion consider *res judicata* issues raised by motion to dismiss, rather than by the more usual form of an answer to a complaint.'"[24]

In considering a motion to dismiss under Rule 12(b)(6), the Court considers "whether the complaint 'contain[ed] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"[25]  "To be facially plausible, the complaint must state enough facts to suggest 'that the defendant is liable for the misconduct alleged.'"[26]  Additionally, the Court will

---

[22] Docket no. 5 and Docket no. 19.

[23] *Kay v. Bemis*, 2009 WL 347427 *3 (D. Utah 2009) (*citing* 18 Moore's Federal Practice § 131.50[1]-[3] (3d ed.2002)).

[24] *Id.* (citations omitted).

[25] *Merswin v. Williams Companies, Inc.*, 364 Fed.Appx. 438, 440 (10th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted)).

[26] *Id.*

liberally construe pro se pleadings.[27]  However, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."[28]

"Generally when a district court considers matters outside the complaint, the court should treat a motion to dismiss as a motion for summary judgment."[29]  However, "the Court may take judicial notice of court files and records—whether federal or state—as well as facts which are a matter of public record."[30]  "However, [t]he documents may only be considered to show their contents, not to prove the truth of matters asserted therein."[31]

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"[32]  "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"[33]  "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim."[34]  "By 'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,' these two doctrines protect against 'the expense and

---

[27] *Merswin,* 364 Fed.Appx. at 440.

[28] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[29] M*erswin,* 364 Fed.Appx. at 441 (*citing Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)).

[30] *Dale v. Bank of Am., N.A.*, 2016 WL 4245493, at *2 (D. Kan. Aug. 2016) (*See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (saying a court's own files and records as well as facts which are a matter of public record can be considered under the judicial notice exception); *Rose v. Utah State Bar*, 471 Fed.Appx. 818, 820 (10th Cir. 2012) (saying that filings from state-court disciplinary proceedings can be considered under the judicial notice exception)).

[31] *Tal v. Hogan*, 453 F.3d at 1264 n.24 (citation omitted).

[32] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

[33] *Id.* (*citing New Hampshire v. Maine,* 532 U.S. 742, 748 (2001)).

[34] *Id. (citing New Hampshire,* 532 U.S. at 748–749).

vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'"[35] "'Stated alternatively', under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."[36]

Three elements must be met before claim preclusion can be applied. Those elements are "(1) a [final] judgment on the merits in an earlier action; (2) identity of the parties or privies in the two suits; and (3) identity of the cause of action in both suits."[37]

Here, there is a final judgment on the merits of the earlier action. In the First Action, Judge Jenkins granted summary judgment on all Ms. Seber's claims. In the subsequent actions for quiet title, Plaintiffs' claims were considered and dismissed on *res judicata* grounds.

There is privity of the parties named in this action with the parties named in the previous actions. "There is no definition of "privity" which can be automatically applied to all cases involving the doctrines of res judicata and collateral estoppel."[38] "Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same."[39] "Privity has been held to exist in the following relationships: concurrent relationship to the same property right (i.e. trustee and beneficiary); successive relationship to the same property or right (i.e. seller and buyer); or

---

[35] *Id. (citing Montana v. United States,* 440 U.S. 147, 153–154 (1979)).

[36] *Clark v. Haas Grp., Inc.,* 953 F.2d 1235, 1238 (10th Cir. 1992) (*citing May v. Parker–Abbott Transfer and Storage, Inc.,* 899 F.2d 1007, 1009 (10th Cir.1990), *quoting Petromanagement Corp. v. Acme–Thomas Joint Venture,* 835 F.2d 1329, 1335 (10th Cir.1988), *quoting*, *Brown v. Felsen,* 442 U.S. 127, 131 (1979)).

[37] *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F3d 1221, 1239 (10th Cir. 2017) (*citing King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)).

[38] *Lowell Staats Min. Co. v. Philadelphia Elec. Co.,* 878 F.2d 1271, 1274–75 (10th Cir. 1989).

[39] *Id.* at 1275 (*citing St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.,* 605 F.2d 1169, 1174 (10th Cir. 1979)).

representation of the interests of the same person."[40]  The defendants named in this suit are the successors-in-interest of the defendants named in the First Action (i.e. Countrywide and MERS). The line of succession is as follows: MERS received a beneficial interest in the Property from Countrywide, MERS assigned the Property to BNYM, BNYM was the successful bidder at the trustee's sale, Skyline purchased the Property from BNYM, Jose Juan Gonzalez[41] purchased the Property from Skyline, and Joshua E. Carr[42] purchased the Property from Jose Juan Gonzalez. Therefore, the Defendants (and the defendants Plaintiffs seek to add) in this action are privies to the defendants in the First Action.  Further, although Mr. Seber was not a named Plaintiff in the First Action, he has been named in subsequent actions and his participation in this lawsuit represents the same interests his wife was representing in the First Action.  Accordingly, the Court finds that *all* parties to this litigation are privies of the parties that participated in the First Action.

Finally, the Court needs to determine whether this action stems from the single cause of action that the First Action was based on.  The Tenth Circuit has applied the transactional approach to determine what constitutes a single cause of action.  The Tenth Circuit "evaluate[s] a 'transaction' or 'series of connected transactions' 'pragmatically[,] considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit.'"[43]  "Under [the transactional] approach, a cause of action includes all claims or legal

---

[40] *Id*. (*citing* 1B J. Moore, J. Lucas, T. Currier, *Moore's Federal Practice,* ¶ 0.411 [1] at 392 (2d. ed. 1988)).

[41] Plaintiffs seek to amend their Complaint to name Jose Juan Gonzalez and Joshua E. Carr.  Although this Court has not granted Plaintiff leave to do so, the Court will address the relationship of these parties as privies of the parties who have been named in an effort to end further litigation by Plaintiffs.

[42] *See* footnote 41.

[43] *Melot v. Roberson,* 653 Fed.Appx. 570, 576 (10th Cir. 2016) (*quoting Lowell Staats Min. Co.*, 878 F.2d at 1274)).

10

theories of recovery that arise from the same transaction, event, or occurrence."[44] The Tenth Circuit applied this approach in the *Melot* case. In *Melot,* the government had seized and sold plaintiff's property based on district court orders to satisfy outstanding tax liabilities, and the plaintiff appealed to invalidate the sale. Thereafter, Mr. Melot sued again seeking to undo the judicial sale of his real property and quiet title to the property. The Tenth Circuit, in conducting an analysis under *res judicata*, found that "Mr. Melot's claims for damages or other remedies against Mr. Shaw and Mr. Roberson are foreclosed because they are all tied to a solitary transaction: the sale of the property."[45] In the case at bar and in the prior litigation, the Sebers' causes of action have been based on alleged fraud during the loan process and quieting title to the Property. The First Action resolved the claims related to these causes of action. The claims in this case are either duplicative of the claims resolved in the First Action, or claims that could have been brought in the First Action, and shall be barred under *res judicata*.

Accordingly, since all three factors required for claim preclusion are met in this case, Defendants' Motions to Dismiss are GRANTED and this Court recommends DISMISSAL of all Plaintiffs' claims based on *res judicata* and claim preclusion.

### b. *Plaintiffs' Motions to Amend the Complaint*

Plaintiffs filed a Motion for Leave to File Second Amended Complaint[46] on October 13, 2016, and then filed a second Motion for Leave of Court to file 2nd Amended Complaint to Add

---

[44] *Id*. (*Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)).

[45] *Melot*, 653 Fed.Appx. at 576.

[46] Docket no. 18.

Defendants[47] on February 13, 2017. In both motions to amend, Plaintiffs seek to add new defendants (subsequent purchasers of the Property) to the Complaint.

A court may deny a motion to amend where amendment would prove futile.[48] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[49]

Here, the Plaintiffs only seek to add defendants to the Complaint. Specifically, Plaintiffs seek to add subsequent purchasers of the Property—Jose Juan Gonzalez and Joshua E. Carr. As determined above in the Court's analysis on Defendants' Motions to Dismiss, subsequent purchasers of the Property are privies of the Defendants that have been previously named by Plaintiffs. Thus, the earlier decisions bar actions against any subsequent purchasers of the Property on *res judicata* grounds.

Accordingly, any amendment to add defendants to Plaintiffs' First Amended Complaint is futile, and Plaintiffs' motions to amend the complaint are DENIED.

    c. ***Remaining Motions***

Based on the foregoing, BOA Defendants' Motion to Strike Plaintiffs' Second Amended Complaint[50] and Plaintiff's Notice of Withdrawal of 2nd Amended Complaint and Response to Defendants' Motion to Strike[51] are deemed MOOT.

Further, while the Motions to Dismiss were pending, a number of motions have been filed by the parties: Plaintiff's Motion for Protective Order[52] filed on March 27, 2017, BOA

---

[47] Docket no. 39.

[48] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

[49] *Id.*

[50] Docket no. 37.

[51] Docket no. 38.

[52] Docket no. 43.

Defendants' Motion in Limine to Exclude Expert Testimony or, in the alternative, Motion to Compel Production of Expert Reports and Extend Discovery Deadlines[53] filed on March 31, 2017, BOA Defendants' Motion to Compel Plaintiffs' Depositions[54] filed on March 31, 2017, BOA Defendants' Motion to Compel Production of Documents[55] filed on March 31, 2017, and BOA Defendants' Motion to Extend Deadline for Fact Discovery[56] filed on March 31, 2017. These motions have not been fully briefed by the parties. Based on this Order, these pending motions are deemed MOOT.

Finally, Defendant Skyline seeks to have Plaintiffs' future filings restricted by the Court.[57] The Court will consider this action through an Order to Show Cause filed concurrently herewith.

## RECOMMENDATION

For the foregoing reasons, the undersigned hereby RECOMMENDS the District Court

1) DISMISS the case with prejudice based on *res judicata* grounds;

2) DENY Plaintiffs' Motions to Amend the Complaint based on futility; and

3) Find that BOA Defendants' Motion to Strike Plaintiffs' Second Amended Complaint, Plaintiffs' Notice of Withdrawal of 2nd Amended Complaint and Response to Defendants' Motion to Strike, Plaintiffs' Motion for Protective Order, BOA Defendants' Motion in Limine to Exclude Expert Testimony or, in the alternative, Motion to Compel Production of Expert Reports and Extend Discovery Deadlines,

---

[53] Docket no. 44.

[54] Docket no. 45.

[55] Docket no. 46.

[56] Docket no. 47.

[57] Docket no. 6.

BOA Defendants' Motion to Compel Plaintiffs' Depositions, BOA Defendants' Motion to Compel Production of Documents, and BOA Defendants' Motion to Extend Deadline for Fact Discovery are all MOOT based on the DISMISSAL of this case.

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[58] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[59] Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 6th day of April, 2017.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[58] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[59] *Id.*

14