IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| MABLE C. SEBER, MARTY J. SEBER, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., f/k/a COUNTRYWIDE HOME LOANS, INC., *et al.*, <br><br> Defendants. | **ORDER** <br><br><br> Case No. 1:16-cv-00111-RJS-BCW <br><br> Judge Robert J. Shelby <br><br> Magistrate Judge Brooke C. Wells |

This case was referred to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B). Before the court is the Magistrate Judge's Report and Recommendation, which addresses Defendant Skyline Holding Group LLC's Motion to Dismiss[1] and BOA Defendants'[2] Motion to Dismiss,[3] along with several motions pertaining to Plaintiffs' ability to file a second amended complaint.[4]

In their First Amended Complaint, pro se Plaintiffs Marty and Mable Seber set forth several causes of action[5] originating from a loan Plaintiffs obtained in June 2004 to purchase

---

[1] Dkt. 5; dkt. 6.

[2] BOA Defendants include Bank of America, N.A. as successor by merger to BAC Home Loans, L.P. f/k/a Countrywide Home Loans, LP; Countrywide Home Loans, Inc.; Bank of New York Mellon f/k/a The Bank of New York as successor trustee to JPMorgan Chase Bank, N.A. as trustee for Certified Holders of CWABS Master Trust, Revolving Home Equity Loan Asset Backed Notes, Series 2004-J.

[3] Dkt. 19.

[4] Dkt. 18 (Plaintiffs' Motion for Leave to File Second Amended Complaint); dkt. 37 (BOA Defendants' Motion to Strike Plaintiffs' Second Amended Complaint); dkt. 38 (Plaintiffs' Notice of Withdrawal of 2nd Amended Complaint and Response to Defendants Motion to Strike); dkt. 39 (Plaintiffs' Motion for Leave of Court to File 2nd Amended Complaint to Add Defendants).

[5] Plaintiffs allege the following: (1) Breach of Contract; (2) violation of the Truth-in-Lending Act; (3) Wrongful Foreclosure; (4) Quiet Title; (5) Declaratory Relief. Dkt. 2 at 5–9.

property at 214 North Dam Road, Mantua, Utah.[6] Since 2009, Plaintiffs have been involved in seven lawsuits related to the 214 North Dam Road property, four in state court[7] and three (including the present case) in federal court.[8] Plaintiffs initiated five of these lawsuits.

In this case, Plaintiff allege various Defendants failed to make disclosures required under the Truth-in-Lending Act, inflated Plaintiffs' monthly income, forged Plaintiffs' signatures and initials, improperly endorsed the Deed of Trust, and illegally foreclosed on the 214 North Dam Road property.[9] Plaintiffs also claim an unlawful detainer action order issued subsequent to the trustee sale is void.[10]

In their Motions to Dismiss, Defendants argue Plaintiffs' claims are barred by res judicata—claim preclusion.[11] Defendants argue the three elements of claim preclusion are satisfied here because (1) there was final judgment on the merits of Plaintiffs' claims in previously adjudicated actions filed by Plaintiffs; (2) all parties to this action are identical or in privity with the parties in the previous actions; and (3) Plaintiffs' claims asserted here were either previously raised or could have been raised as they arise from the same events.

In response, Plaintiffs argue claim preclusion should not apply "due to newly discovered information, factual allegations, evidence and several new causes of action."[12] Specifically,

---

[6] *See* dkt. 2.

[7] Utah State Court, Brigham City District, case nos. 130100026, 130100128, and 150100044.

[8] U.S. District Court, District of Utah, Northern Division, case nos. 1:09-cv-140-BSJ, 1:14-cv-140-CW, and 1:16-cv-111-RJS.

[9] Dkt. 2 at 2–3.

[10] *Id.* at 3.

[11] Dkt. 6 at 3; dkt. 19 at 10–14. Alternatively, BOA Defendants argue that even if Plaintiffs' claims were not barred by res judicata, Plaintiffs' Complaint still fails to state a claim for which relief can be granted. Dkt. 19 at 14–20.

[12] Dkt. 31 at 2.

Plaintiffs argue that their Complaint "present[s] a new core issue and prove[s] that the instruments utilized to foreclose on the Plaintiffs' home are ***Void*** by operation of law."[13]

In her Report and Recommendation, the Magistrate Judge concluded the elements of claim preclusion were met and recommended this court grant Defendants' Motions to Dismiss, and dismiss the case with prejudice on res judicata grounds. She also recommended this court deny Plaintiffs' Motion to Amend based on futility, and deny pending discovery motions as moot.[14]

Plaintiffs filed a timely Objection to the Magistrate Judge's Report and Recommendation.[15] The court, therefore, reviews those portions of the Report and Recommendation to which Plaintiffs objected de novo.[16] In their Objection, Plaintiffs argue generally that when "one analyses the complaints and compares the facts, issues, matters and causes of action, it is not difficult to ascertain that there are several clear distinctions between the current and prior complaints."[17] Plaintiffs point to "the fact that the Assignment of Deed of Trust was a VOID act and set off a series of events which are/were subsequently VOID."[18]

---

[13] Dkt. 17 at 2.

[14] Dkt. 48 at 13.

[15] Dkt. 51. The court notes that Plaintiffs had seventeen days to file their objection. This includes the original fourteen days plus three days under Rule 6(d) of the Federal Rules of Civil Procedure. Plaintiffs Objection was filed eighteen days after entry of the Recommendation. It was timely because day seventeen fell on a Sunday, April 23rd and under Rule 6(a) this extended the deadline to the following Monday, April 24th.

[16] 28 U.S.C. § 636(b)(1)(c) ("A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *see United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court and for appellate review.").

[17] Dkt. 51 at 2.

[18] *Id*.

3

In effect, Plaintiffs object to the Magistrate Judge's determination that there is identity of the causes of action in both suits. After conducting a de novo review of this issue, the court concludes the Report and Recommendation correctly rejected this argument. As discussed in the Recommendation, the Tenth Circuit "employs a transactional approach in which 'a final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'"[19]

Here, Plaintiffs do not explain why the alleged new facts and evidence did not arise out of the same transaction that was the subject of their previous actions (the 2004 loan); nor do they explain why they could not have litigated this specific issue in their previous actions. As Defendants detail in their Reply to Plaintiffs' Objection, Plaintiffs do not allege any facts that occurred after Plaintiffs' third prior action was filed in November 1, 2013.[20] Also, Plaintiffs' position is undermined by their Complaint which states, "[p]etitioners have challenged the VOID orders in state court but were thwarted by an inhospitable court 'system' bent on continuing foreclosure business as usual."[21] Further, Plaintiffs made this same argument to the Magistrate Judge who rejected it.[22] After de novo review, the court concludes the Magistrate Judge correctly decided there was identity of causes of action.

---

[19] *Melot v. Robertson*, 653 F. Appx. 570, 576 (10th Cir. 2016) (quoting *Lowell Staats Mining Co. v. Philia. Elec. Co.*, 878 F.2d 1271, 1274 (10th Cir. 1989)). The court also notes that the claim preclusion standard in Utah is similar to the approach taken by the Tenth Circuit. *Mack v. Utah State Dep't of Commerce*, 2009 UT 47, ¶ 30 ("Claims or causes of action are the same as those brought or that could have been brought in the first action if they arise from the same operative facts, or in other words from the same transaction.").

[20] Dkt. 56 at 4.

[21] Dkt. 2 at 3.

[22] See Dkt. 17 at 2 ("New facts, evidence, and case law in support of the Plaintiffs' complaint have presented a new core issue and prove that the instruments utilized to foreclose on the Plaintiffs' home are ***Void*** by operation of law.").

In their Objection, Plaintiffs do not discuss the other two-prongs of claim preclusion, namely whether there was a final judgment on the merits in the earlier actions or whether there is identity of parties or privies in the two suits. Plaintiffs also do not address the Magistrate Judge's conclusion that their Motion to Amend the Complaint should be dismissed based on futility. The court, therefore, reviews these portions of the Report and Recommendation under a "clearly erroneous" standard of review.[23] Under this standard, the court "will affirm the Magistrate Judge's ruling unless [the court] . . . is left with the definite and firm conviction that a mistake has been committed."[24] After reviewing the briefing, record, and relevant legal authorities, the court concludes that the Magistrate Judge did not clearly err in her analysis on these issues.

The court, therefore, OVERRULES the Objection and ADOPTS the Report and Recommendation in whole. Defendants' Motions to Dismiss, dkt. 5, dkt. 19, are GRANTED and the case is dismissed with prejudice on res judicata grounds. Further, Plaintiffs' Motion to Amend the Complaint, dkt. 18, is DENIED based on futility. Finally, all other pending motions are DENIED as moot.

**SO ORDERED** this 4th day of August, 2017.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[23] *See One Parcel of Real Prop.*, 73 F.3d at 1060 (10th Cir. 1996); *Gonzalez v. Franco*, No. CIV-14-1163, 2016 WL 807769, at *4 (D.N.M. Jan. 30, 2016) (unpublished) (applying "clearly erroneous, arbitrary, obviously contrary to the law, or abuse of discretion" standard of review when no party objects to a Magistrate Judge's proposed findings and recommended disposition).

[24] *Thompson v. Astrue*, No. 2:09-cv-228, 2010 WL 1944779, at *1 (D.Utah May 11, 2010) (unpublished) (internal quotation marks and citations omitted).