IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MABLE C. SEBER and MARTY J. SEBER,<br><br>Plaintiffs,<br>v.<br><br>BANK OF AMERICA, N.A., f/k/a COUNTRYWIDE HOME LOANS, INC., *et al.*,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO ORDER FILING RESTRICTIONS**<br><br>Case No. 1:16-cv-111-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

On April 6, 2017, this Court issued an Order to Show Cause why this Court should not issue a recommendation to the District Court to enter an order placing restrictions on the Sebers' filings in this Court.[1] *Pro se* litigants Mable C. Seber and Marty J. Seber ("**Sebers**" or "**Plaintiffs**") filed a timely response to the Order to Show Cause on April 24, 2017.[2]

The Sebers have a well-documented history of filing actions related to the property located at 214 North Dam Road, Mantua, Utah (the "**Property**"). This litigation history is evidenced by the following cases brought by the Sebers in both state and federal courts:

<u>Utah State Court, Brigham City District</u>:

- *Seber v. Countrywide Home Loans, Inc., et al.*, Case no. 130100026
- *Seber v. Bank of New York Mellon . . . .*, Case no. 130100128

<u>U.S. District Court, District of Utah</u>:

- *Seber v. Countrywide Home Loans, Inc., et al.*, Case no. 1:09cv140-BSJ
- *Seber v. Howell, et al.*, Case no. 1:14cv140-CW

---

[1] Docket no. 49.
[2] Docket no. 52.

- *Seber v. Bank of America, N.A. f/k/a Countrywide Home Loans, Inc., et al.*, Case No. 1:16cv111-RJS

In all of these actions the Sebers seek various forms of relief from the Court based on a loan that the Sebers obtained on the Property (which they later defaulted on resulting in foreclosure of the Property) and requests that title be quieted in their name. This Court granted summary judgment against the Sebers in the first action, *Seber v. Countrywide Home Loans, Inc., et al.*, Case no. 1:09cv140-BSJ. Thereafter, all other actions have been dismissed on *res judicata* grounds (including this case where District Judge Shelby adopted this Court's Report and Recommendation that this case be dismissed based on *res judicata* grounds[3]). The Sebers continue to pursue the parties who were involved with their loan and the successor owners of the Property, despite both state and federal courts stating that such claims are foreclosed by the ruling in the first action.

Defendant Skyline Holdings Group LLC ("**Skyline**") has asked the Court to enter an order under 28 U.S.C. § 1651(a)[4] restricting the Sebers from filing any new actions with claims related to the Property without first seeking leave from the Court. The Sebers' responded to the Order to Show Cause by arguing that the Complaint brought in this matter asserted new facts and issues, and it is not duplicative of prior matters. This argument was rejected by this Court in its Report and Recommendation, and was adopted by Judge Shelby's Order. Accordingly, the Court agrees with Skyline and finds that these duplicative and futile actions in this jurisdiction

---

[3] Docket no. 59.
[4] 28 U.S.C. § 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

constitute an unnecessary burden on the court (as well as the successor owners of the Property) and abuse the privilege of filing in this court.

### RECOMMENDATION

Accordingly, the Court recommends the following filing restrictions be placed on the Sebers:

a) The Clerk of the Court will collect any new civil complaint submitted by the Sebers in a case in which they seek to proceed *pro se* and forward it to a Magistrate Judge for review.

b) The Magistrate Judge will review the complaint to determine whether it is meritless, duplicative, or frivolous.

c) If the Magistrate Judge determines the complaint lacks merit, duplicates prior filings, or is frivolous, the Magistrate Judge will forward the complaint to the Chief District Judge for final review.

d) If on review the Chief District Judge determines the complaint has merit, it will be filed. Otherwise, it will be returned to Plaintiff without filing.

### NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[5] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[6] Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 10 August 2017.

Brooke C. Wells
United States Magistrate Judge

---

[5] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).
[6] *Id.*